Dorotea Zaldivar V. DE TENORIO,
Plaintiff-Appellee,

v.

H. E. McGOWAN et al.,
Defendants-Appellants.

No. 74–1082.

United States Court of Appeals,
Fifth Circuit.

May 27, 1975.

Tally D. Riddell, Quitman, Miss., for McGowan and others.

Jack H. Ewing, Jackson, Miss., for Love Pet. Co., and others.

Herbert R. Ginsberg, Hattiesburg, Miss., for J. L. Sellers and W. Fairchild.

Paul M. Neville, Meridian, Miss., for Smith, Corsair Pet.

Thomas H. Watkins, Jackson, Miss., for Cecil Barnett.

Vardaman S. Dunn, Jackson, Miss., David A. Kattan, New Orleans, La., for plaintiff-appellee.

ON PETITION FOR REHEARING
AND PETITION FOR REHEAR-
ING EN BANC

(Opinion March 19, 1975, 5 Cir.,
510 F.2d 92)

Before COLEMAN, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The petition for rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 25 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.

Counsel for the plaintiff-appellee have filed a vigorous petition for rehearing.

Much of it retraces the arguments previously advanced and previously rejected.

Nevertheless, the Court considers it not out of order to comment upon some of the points which the petition seeks to raise.

■ First, it is asserted that our decision "sets a precedent which will adversely affect reciprocal property rights under treaties with at least twenty three nations around the world". We cannot agree. This case has been decided on its own peculiar facts. The deceased lady, Maria Obdulia Zaldivar McGowan, was first vested with her Honduran Treaty rights on October 31, 1957. In the absence of a necessity for prolongation those rights expired October 31, 1960. She died February 28, 1969 without taking any action whatsoever to dispose of the property under Article IV of the Treaty or to seek an adjudication that a reasonable prolongation was necessary. It remained for her heirs to champion such a necessity long after the expiration of the term of years specified by the Treaty. We were of the opinion that no such necessity had been shown. How this damages the fabric of the Honduran, or any similar, Treaty is not apparent.

■ It is next said that our decision ignores the clearly erroneous rule. The District Court did say, 364 F.Supp. 1051, at 1060, that Hamilton McGowan occupied a fiduciary relationship toward E. J. McGowan. There was no finding of fact, except possibly by inference, to the effect that Hamilton McGowan occupied a fiduciary relationship toward the deceased widow. If there was such a finding, our prior opinion conclusively demonstrates, we think, that it was clearly erroneous.

We thus found it unnecessary to reach or decide whether existence of such a fiduciary relationship, had it existed, would have provided the "necessity" for a "reasonable prolongation". Neither did we decide whether a prolongation of eight years would have been reasonable. Moreover, we did not decide whether, after a delay of eleven years (1960–1971)

the heirs of one originally vested with the right could inherit that right.

In sum, the petition for rehearing it replete with arguments that this Court should not enforce the three year period of limitations expressly provided by the Treaty and insists that we should decree a necessity for quadrupling that term when no necessity is shown beyond the desire of the widow's heirs (and their grantees) to obtain legal title to the land and its producing oil well.

We adhere to our published opinion.

GODBOLD, Circuit Judge.
I dissent.